IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHANE PATRICK KNOWLTON,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN JOSSETTE OKEREKE,<br><br>Respondent. | CASE NO. 1:25-cv-1088<br><br>DISTRICT JUDGE<br>CHARLES ESQUE FLEMING<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**MEMORANDUM OPINION AND ORDER** |

On May 28, 2025, pro se petitioner Shane Patrick Knowlton filed under 28 U.S.C. § 2254 a federal habeas petition, Doc. 1, and a "Motion for appointment of essential experts and investigators," Doc. 7. Knowlton states that he needs an expert and investigators to: obtain certain information provided to or withheld from Knowlton before his state criminal trial; depose police officers, defense attorneys, and witnesses; and obtain grand jury transcripts. *Id.*

Knowlton is not entitled to a court-appointed expert or investigator. The plain language of the Criminal Justice Act, 18 U.S.C. § 3006A(e)(1),[1] indicates that "counsel must first have been appointed under § 3006A before the court

---

[1] The representation of indigent petitioners in Section 2254 cases is governed by 18 U.S.C. 3006A. *See* 28 U.S.C. 2254(h).

will consider authorizing funding for investigative services."[2] *Edwards v. Miller*, No. 14-0429, 2015 WL 10963718, at *26 (S.D. Cal. Apr. 1, 2015), *report and recommendation adopted*, 2016 WL 3092088 (S.D. Cal. June 2, 2016); *see* 18 U.S.C.A. § 3006A(e)(1) ("*Counsel* for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application.") (emphasis added). And Knowlton hasn't asked for or been appointed habeas counsel. Moreover, Knowlton's listed items don't, on their face, appear to require an investigator, but rather an attorney. *See* Doc. 7 at 2 (Knowlton stating that he wants "experts and investigators" to depose individuals and obtain grand jury transcripts.)

To the extent that Knowlton's motion can be liberally construed as a request for court-appointed counsel, the request is denied. There is no constitutional right to appointed counsel in habeas cases. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *see also Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Outside of the death penalty context, appointment of counsel in a habeas proceeding is mandatory only if the court determines that an evidentiary hearing is required or deems it necessary to conduct effective discovery. Rules 6(a), 8(c), Rules Governing Section 2254 Cases in United States District Courts

---

[2] This is not a death-penalty case, Doc. 1, at 1, so a different statute, 18 U.S.C.A. § 3599(a)(2), would not apply.

2

("Habeas Rules"); *see also Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004); 18 U.S.C. § 3599(a)(2).

Where the appointment of counsel is not mandatory under the Habeas Rules, such an appointment is governed by 18 U.S.C. § 3006A. *See* 28 U.S.C. § 2254(h). Under Section 3006A, the decision to appoint counsel is discretionary and representation may be provided whenever the interests of justice or due process so require. 18 U.S.C. § 3006A(a)(2); *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and "the appointment of counsel is required only if, given the complexity of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel." *Lemeshko*, 325 F. Supp. 2d at 787 (citing *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002)). A prisoner's indigency alone is generally insufficient to warrant appointment of counsel. *See Murray v. Giarratano*, 492 U.S. 1 (1989) (finding that indigent habeas petill2tioners have no constitutional right to a court-appointed attorney due solely to their indigence, even when seeking redress for the imposition of a death penalty); *see also Lavado v. Keohane*, 992 F.2d 601, 604–606 (6th Cir. 1993).

Here, Knowlton explains that he wants assistance to obtain discovery, but the Court hasn't given him permission to obtain discovery. So, any motion for counsel would be premature. Meanwhile, Knowlton has adequately

3

presented his five grounds for relief, and provided extensive factual and legal briefing in support. Doc. 1, at 5–35. Neither the interests of justice nor due process presently require the appointment of counsel.

So even if Knowlton were asking the Court to appoint him counsel, I would decline to exercise discretion to appoint him counsel at this time. Should the Court grant his currently pending motion for discovery, Doc. 6, then Knowlton may refile his request for outside assistance.

So Ordered.

Dated: June 6, 2025

*/s/ James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge