IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHANE PATRICK KNOWLTON,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN JOSSETTE OKEREKE,<br><br>Respondent. | CASE NO. 1:25-cv-1088<br><br>DISTRICT JUDGE<br>CHARLES ESQUE FLEMING<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Pending before the Court is pro se federal habeas petitioner Shane Knowlton's Motion for discovery, Doc. 6, and Motion for evidentiary hearing, Doc. 8. Respondent has opposed Knowlton's motions. Doc. 16. For the reasons stated below, I deny Knowlton's motions.

*Motion for discovery, Doc. 6*

"Habeas petitioners have no right to automatic discovery. A district court has discretion to grant discovery in a habeas case upon a fact specific showing of good cause under Rule 6 [of the Rules Governing Section 2254 Cases]." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) (citing *Bracy v. Gramley*, 520 U.S. 899 (1997) and *Byrd v. Collins*, 209 F.3d 486, 515–16 (6th Cir. 2000)). Discovery is permitted when "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (quoting *Bracy*, 520 U.S. at 908–09). A petitioner

must articulate specific allegations of fact; "Rule 6 does not 'sanction fishing expeditions based on a petitioner's conclusory allegations.'" *Id.* (quoting *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997)).

Knowlton was convicted of felonious assault stemming from a fight with Ryan McBride. *See State v. Knowlton*, No. 2023-A-0013; 2023 WL 6807193 (Ohio Ct. App. Oct. 16, 2023). Knowlton and McBride had exchanged escalating words on Facebook Messenger, ending in Knowlton inviting McBride to his garage for what McBride believed would be a fistfight. *Id.* at *1. McBride and two friends (Lindsay and Nemergut) rode motorcycles to Knowlton's garage. *Id.* McBride dismounted his bike; handed his pistol to Lindsay; removed his shirt, hat, and glasses; and began to walk towards Knowlton. *Id.* Knowlton "pulled a gun" and shot McBride twice, once in the bicep and once in the shoulder. *Id.* McBride turned around and began to flee, and "a third shot hit him in the back." *Id.* Knowlton fled, and Lindsay ultimately threw McBride's gun in some nearby grass. *Id.* at *2.

Knowlton seeks discovery on seven items, which, he says, are related to grounds three (ineffective assistance of trial counsel) and four (prosecutorial misconduct). Doc. 6, at 1–2. These items are: (1) photographs that are "blank or showing only 'PDF Adobe'"; (2) McBride's "missing Transcribed Police Interview"; (3) McBride's "withheld Medical Records"; (4) "Police Report of second firearm located"; (5) "Investigative results of Private Investigator Tom Pavlish"; (6) "Text conversation missing pages between Brittnie Schmidt and

2

[] Knowlton"; and grand jury testimony of McBride, Lindsay, and Nemergut "that will show the prosecutor's prior knowledge of the false narrative." *Id.*

As an initial matter, Respondent contends that grounds three and four—the grounds that Knowlton bases his discovery request on—are procedurally defaulted. *See* Doc. 15, at 31–33. If so, then even if Knowlton were permitted to fully develop these facts, he would not be able to use them to demonstrate that he is "entitled to relief."[1] *See Williams*, 380 F.3d at 974; *Ahreshien v. Watson*, No. 3:22-cv-1303, 2025 WL 1348992, at *3 (N.D. Ohio May 9, 2025); *Werber v. Milligan*, No. 1:11-cv-400, 2012 WL 1458103, at *23 (N.D. Ohio Mar. 23, 2012), *report and recommendation adopted*, 2012 WL 1458098 (N.D. Ohio Apr. 26, 2012).

Knowlton states that the second item he seeks, McBride's transcribed police interview, has been provided to him by trial counsel. Doc. 6, at 2. So this request is moot. As for the remaining items, Knowlton has not shown good cause to obtain this discovery.

Start with Knowlton's request for McBride's medical records. Knowlton claims that these records will show that McBride "suffered two gunshot wounds" to his bicep and shoulder. Doc. 6, at 2. Reading between the lines—Knowlton doesn't explain this—it appears that Knowlton doesn't believe that

---

[1] The discovery Knowlton seeks is not, on its face, relevant to a showing of cause to excuse a procedural default. And bolstering a self-defense argument would not show factual innocence to overcome a procedural bar. *See Harvey v. Jones*, 179 F. App'x 294, 298 (6th Cir. 2006) (self-defense goes to legal innocence, rather than factual innocence).

3

McBride was shot a third time in the back. Knowlton doesn't provide any reason why he disbelieves that McBride was shot three times. So this request amounts to a fishing expedition. *See Williams*, 380 F.3d at 974 ("[Habeas] Rule 6 does not sanction fishing expeditions based on a petitioner's conclusory allegations."). Knowlton's related request for photos—Knowlton states that there "is a photo titled 'Medical Records'"—fails for the same reason; he admits that "[e]xactly what that … photograph will reveal is uncertain." Doc. 6, at 2. Besides, Knowlton was charged with and convicted of one count of felonious assault; shooting McBride even once is enough for a felonious assault conviction. *See* Ohio Rev. Code § 2903.11(A)(2) ("No person shall knowingly.…[c]ause or attempt to cause physical harm to another … by means of a deadly weapon."). So Knowlton hasn't articulated "specific allegations" showing reasons to believe that, if this fact were to be fully developed, he may be able to demonstrate that he is entitled to relief. *See Williams*, 380 F.3d at 974.

Knowlton seeks to discover a "Police Report of second firearm." Doc. 6, at 2. He references an affidavit he says he filed in state court as evidence to support his belief that a second firearm was found near the crime scene, *id.*, but he didn't file that affidavit with his request for discovery or explain why it would support his belief that there is a police report indicating that there was a second firearm at the scene. So he hasn't provided this Court with specific allegations and he hasn't explained how this fact, even if it were true, would

4

entitle him to relief. *See Williams*, 380 F.3d at 974. Knowlton wants the "Investigative results of Private Investigator Tom Pavlish," but he admits that his counsel told him that Pavlish did not write a report, and that Pavlish told Knowlton that "any information he had has been purged from his file." *Id.* at 2–3. In other words, Knowlton concedes that this information does not exist.[2]

Moving on, Knowlton wants to discover three missing pages of text messages between he and McBride's fiancée, Brittnie Schmidt—who is also the mother of Knowlton's children—and claims that these texts will help Knowlton "more fully develop his claim of ineffective assistance of trial counsel for failing to investigate this case." Doc. 6, at 3. Knowlton doesn't explain what is in these missing texts that would be relevant to his claim—and he should know, having been part of the conversation. He hasn't stated how the texts would show that he is entitled to relief on his ineffective assistance of counsel claim. Whatever conversation Knowlton and Schmidt may have had does not alter the fact that Knowlton shot McBride.

Finally, Knowlton wants sealed grand jury testimony to show that the prosecutor knew about "a false narrative by the State's witness." Doc. 6, at 4. Knowlton complains that the State "provided defense counsel with discovery

---

[2] Knowlton also argues that discovery is necessary "to determine whether or not any investigation took place." Doc. 6, at 3. He states that he would depose Pavlish, his trial counsel, four trial witnesses, and six other people he thinks "should have been deposed." *Id.* This request is a classic example of a fishing expedition, which Rule 6 does not permit. *See Williams*, 380 F.3d at 974.

5

that provided one theory of the case," and at trial "presented a completely opposite theory, which was a surprise to the defense." *Id*. Knowlton hasn't provided any specifics about this allegation. To the extent that this refers to Lindsay's inconsistent statements about whether McBride handed Lindsay the gun when they arrived at Knowlton's garage, this was addressed by Knowlton's counsel at trial. *See* Doc. 15-2, at 230–33 (Lindsay admitting that he initially lied to police about McBride handing him his gun because, Lindsay explained, he had a felony conviction and wasn't permitted to have a gun). Knowlton doesn't say what the grand jury transcripts would show or how they would be relevant. Simply put, Knowlton has failed to show good cause for discovery of these items. *See Williams*, 380 F.3d at 974.

*Motion for evidentiary hearing, Doc. 8*

Knowlton seeks an evidentiary hearing on his ineffective assistance of trial counsel and appellate counsel claims and his prosecutorial misconduct claim. Doc. 8, at 2–3. He argues that the Ohio court of appeals' factual findings are not reliable. *Id*. at 3.

Section 2254(e) of Title 28 of the United States Code provides that a state court's determination of the facts are presumed to be correct, and a petitioner must show clear and convincing evidence to rebut this presumption. 28 U.S.C. § 2254(e)(1). Section 2254(e)(2) states that if a petitioner failed in state court to develop the factual basis of a claim, the district court "shall not hold an evidentiary hearing on the claim unless the applicant shows" that the

6

"claim relies on (1) "a new rule of constitutional law"; or (2) "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A)(i),(ii). The petitioner must also show that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the [petitioner] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B).

Knowlton hasn't "specified what could be discovered through an evidentiary hearing," so he hasn't shown that he is entitled to one. *See Stanford*, 266 F.3d at 460. Moreover, Respondent has argued that Knowlton's ineffective assistance of trial counsel and prosecutorial misconduct claims are procedurally defaulted. *See* Doc. 15, at 31–33. If so, this Court is barred from evaluating the merits of these claims and an evidentiary hearing would be futile. *See Stanford*, 266 F.3d at 460. As for Knowlton's ineffective assistance of appellate counsel claim, Knowlton says that the Ohio court of appeals' factual findings are unreliable, Doc. 8, at 4, but he hasn't shown this by clear and convincing evidence, *see* 28 U.S.C. § 2254(e)(1). He hasn't satisfied any exception described in section 2254(e)(2). Knowlton is not entitled to an evidentiary hearing.

7

For all of the reasons stated above, I deny Knowlton's Motion for discovery, Doc. 6, and his Motion for an evidentiary hearing, Doc. 8.

So ordered.

Dated: July 31, 2025

                                                */s/ James E. Grimes Jr.*
                                                James E. Grimes Jr.
                                                U.S. Magistrate Judge